866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
KELLY'S BASKET FOOD SYSTEMS, INC.; R. Lewis Ray, a/k/a
Robert Lewis Ray; Rosa M. Ray, a/k/a Rosa Dean
Day, Defendants-Appellants,
and
Samuel M. Booth; First Federal Savings & Loan Association;
Robert L. Lindsey; Allgood Construction Company, Inc.;
First Savings Service Corporation; Fordham-Felt
Investments, Inc.; Alarmmaster Company, Inc.; PYA
Goodnight Brothers; H & J Poultry Services, Inc., a/k/a
Joyce Foods Inc; E G Forrest Inc; GCC Beverage, d/b/a
Pepsi-Cola Bottling Company; Joyce Brothers Company; Bruce
E. Bailey, Defendants.
 No. 87-3158.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1988.
Decided: Jan. 26, 1989.
 
 Beverly R. Mitchell, for appellants.
 Robert H. Edmunds, Jr., United States Attorney, Richard L. Robertson (Office of the United States Attorney); Cheryl T. Sloan (Small Business Administration), for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This action was initiated by the United States, pursuant to 28 U.S.C. Sec. 1345, on behalf of the Small Business Administration (SBA) to collect sums due on a defaulted loan which had been assigned to the SBA. The district court granted summary judgment for the United States, ordering the defendant borrowers to pay the loan's accelerated maturity amount, and entering a judgment of foreclosure against the property which secured the loan. We affirm.
 
 
 2
 The amended complaint, filed by the United States, alleged that defendant Kelly's Basket Food Systems, Inc. (Kelly's), in order to secure a loan to finance the construction of a restaurant, executed and delivered a promissory note, a security agreement, and a deed of trust in favor of the Northwestern Bank (Northwestern) for the principal sum of $185,000, with interest at 10% per year. Defendants Robert Lewis Ray and Rosa Ray executed a written guaranty for the loan, and a deed of trust covering the Rays' personal residence to secure performance of the guaranty. The note, security agreement, guaranty, and deeds of trust were subsequently assigned to the SBA. When Kelly's defaulted on the loan, the SBA, through the United States, obtained the judgment which is the subject of the instant appeal.*
 
 
 3
 On appeal, Kelly's, the President of Kelly's, Robert Lewis Ray, and Ray's wife, Rosa, also an officer of Kelly's, argue that summary judgment was improper because the loan agreement was the product of fraud and duress. The appellants contend that, relying on an estimate given by a representative of Northwestern at initial loan negotiations, to the effect that a loan of $155,000 would involve payments of $1,325 per month for seven years, and $795 per month thereafter, they entered into a contract for construction of the restaurant on the land owned by Kelly's. Because of cost overruns, Robert Ray sought refinancing of the loan to obtain an additional $30,000, making the loan total $185,000. Ray claims that he was under economic duress when he agreed to the increased loan amount, and when he executed a deed of trust to his residence, a condition he asserts was not a part of the original loan agreement. Only when Ray discovered that monthly payments on the loan of $1,325 did not include the interest payments of 10% per year, did Ray default on the loan.
 
 
 4
 Under any law arguably applicable, Kelly's and the Rays failed to make out a case of fraud or duress sufficient to excuse them from the terms of the loan agreement. The original estimate, allegedly offered by a representative of Northwestern, related to the $155,000 loan, and was only an "estimate." The documents executed by the Rays informed them of the terms of their agreement, including the amount of principal and interest payments. Northwestern could legally require the Rays to execute a deed of trust to their residence as collateral for the $185,000 loan. There is no evidence that Ray, an attorney, was the victim of overreaching, or that the agreement was supported by unfair consideration. That the Rays may have been motivated to agree to the loan terms by a desire to cover the cost overruns of their project, without more, such as unfair consideration, or the wrongful extraction of sums not contemplated by an existing contract, is legally insufficient to excuse performance.
 
 
 5
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the briefs and record and argument would not aid our resolution of the issues.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The other defendants in the district court (i.e., other than Kelly's and the Rays) included the trustees of the deeds of trust, judgment creditors of Kelly's, and the record owner of the parcel sought to be foreclosed. They are not parties to this appeal, and their role in the litigation is not pertinent to the disposition of the appeal